IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Stanley Bangert, Jr., | Civil Action No. 6:17-2551-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Jackie Awai *and* Southern Health, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending the complaint be summarily dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was a pretrial detainee at the Cherokee County Detention Center, charged with narcotics possession. Plaintiff's allegations are as follows. While detained, Nurse Jackie Awai, an employee of Southern Health, tried to give him incorrect blood pressure medication that had not been prescribed for him. When he refused to take that mediation, Nurse Awai placed him in solitary confinement where, due to high blood pressure, a panic attack caused him to pass out and hit his head, rendering him unconscious. He was then taken to a hospital, where he was told that his uncontrolled blood pressure nearly caused a heart attack. Since that incident, medical personnel at the detention center have retaliated by continuing to provide incorrect blood pressure medication while otherwise withholding medical care.

Plaintiff filed this action on September 19, 2017. On February 8, 2018, Defendants moved for summary judgment and the Court issued a *Roseboro* order directing Plaintiff to respond. That order was mailed to Plaintiff but was returned as undeliverable. On March 13, 2018, the Magistrate Judge recommended summary dismissal under Rule 41(b). Again, Plaintiff has not responded. Public records show that Plaintiff bonded out of the Cherokee County Detention Center on or about

January 10, 2018. Plaintiff has not provided the Court his current address, and so neither the Court nor Defendants have any means to communicate with Plaintiff.

Although the Report and Recommendation does not explicitly state whether the complaint should be dismissed with or without prejudice, its recitation of the four factors the Fourth Circuit provides for dismissal with prejudice and its application of those factors implies the recommendation is for dismissal with prejudice. (Dkt. No. 37 at 2–3 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).) The Court agrees that dismissal is appropriate, but declines to dismiss with prejudice. In *Davis*, the Fourth Circuit cautioned "dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." 588 F.2d at 70 (internal quotation marks omitted). The Court finds that dismissal with prejudice of Plaintiff's claims would be an unnecessarily harsh sanction for his failure to update his address with the Court within two months of his release from jail. In this case, there is no "'drawn out history' of 'deliberately proceeding in a dilatory fashion;'" and dismissal without prejudice is an available and effective sanction less drastic than dismissal with prejudice. *Id.*

The Court therefore **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Report and Recommendation of the Magistrate Judge (Dkt. No. 37) as the Order of the Court. The Court **DECLINES TO ADOPT** the Report and Recommendation insofar as it recommends dismissal with prejudice; the Court otherwise **ADOPTS** the Report and Recommendation. The complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 2, 2018
Charleston, South Carolina